IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN J. WALSH** | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.   05-CV-2515 |
| | : | |
| v. | : | Before the Hon. Michael M. Baylson |
| | : | United States District Judge |
| **IRVIN STERN'S COSTUMES** *et al.* | : | |
| | : | |
| Defendants. | : | **FILED ELECTRONICALLY** |

**PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS AND/OR FOR SUMMARY JUDGMENT, AND PLAINTIFF'S
MOTION FOR PERMISSION TO FILE SAME**

Plaintiff, by and through her undersigned counsel, hereby respectfully requests permission to file the instant surreply and avers as follows in response to the reply brief of Defendants:

**I.   INTRODUCTION**

Defendants seek dismissal of Plaintiff's First Amended Complaint. After Plaintiff filed her brief in opposition to Defendants' motion, Defendants filed a reply brief. Plaintiff respectfully requests the Court grant her permission to file this succinct surreply to Defendants' reply brief.

**II.   PLAINTIFF RESPECTFULLY REQUESTS LEAVE TO FILE THE INSTANT SURREPLY**

Plaintiff does not wish to smother the Court with additional briefing materials but requests permission to file the instant surreply to highlight certain flaws contained in Defendants' reply brief. Leave of court should properly be requested before filing additional briefs. *See, e.g., Parker v. Carroll*, 6 F. Supp. 2d 427, 428 n.1 (E.D. Pa. 1998). Plaintiff respectfully requests such leave

herein.

In the event the requested leave is granted, Plaintiff respectfully requests the Court to consider the following arguments.

## III. ARGUMENTS

### A. Plaintiff's Retaliation Claim is Unaffected by the Possibility of an After-Acquired Evidence Defense.

Much has been made, and rightfully so, of the threat issued by Defendants' counsel Brian Kirby that if Plaintiff did not forfeit her pregnancy discrimination lawsuit Defendants would accuse of her theft and seek criminal charges. This threat was not only extortionate, but it also served as the grounds for Plaintiff's retaliation claim under Title VII and her claim for the tort of abuse of process. Heretofore, Defendants have tried to justify their unlawful action by stating since they have evidence of the theft it is okay for them to use it to wrest away Plaintiff's unrelated civil rights claims. In Plaintiff's counsel's letters to the Court dated June 6, 2005 and July 8, 2005 (copies of which are attached hereto as Exs., "A" and "B" respectively), Plaintiff explains that Defendants' actions were still extortionate, irrespective of whether their allegations of theft have merit.

Now, and probably realizing Mr. Kirby's actions could subject him and them to both criminal and additional civil liability, Defendants for the first time endeavor to justify the extortionate threat as related to the after-acquired evidence doctrine. The problem with Defendants' latest maneuvering is that *it still does not justify issuing an extortionate threat*. Surely Defendants may raise allegations of theft via an after-acquired evidence defense.[1] If they prove it, the period

---

[1] Plaintiff, however, respectfully reserves the right to seek a Court order striking Defendants' after-acquired evidence defense as a sanction for Defendants' unlawful conduct.

for which Plaintiff may recover back pay could be truncated.  However, it is one thing use the information to raise an affirmative defense, and quite another to use the information to threaten to file criminal charges unless an unrelated civil rights case is withdrawn.  As is sadly but readily apparent by now, Mr. Kirby's zeal clouded his judgment and no amount of jurisprudential gyrating can get him and his clients of the penal hook.

In short, Defendants may raise the theft issue as part of their after-acquired evidence defense.  Plaintiff, however, is entitled to rely upon the previous extortionate threats to support her claims for Title VII retaliation and abuse of process.

> **B.      The Third Circuit's *Glanzman* Decision Does Not Preclude Plaintiff's Retaliation Claims.**

Defendants' last technique to try and extract the retaliation claim is to cite the Third Circuit's decision in *Glanzman v. Metro. Mgmt. Corp.*, 391 F.3d 506 (3d Cir. 2004).  The employee in *Glanzman* was fired and she asserted discrimination in her application for unemployment benefits.  The employer contested her eligibility for benefits and thereafter employee contended the employer's opposition was retaliation for her allegation of discrimination.  The employee also claimed that after her discrimination allegation she had been forced to relinquish the free housing she received in the course of her employment.

The *Glanzman* panel concluded the employee could not make out a retaliation claim because her employment was already over at the time the retaliation occurred and, as well, there was no economic harm shown since the employee prevailed in her quest for unemployment benefits and she had no post-employment right to the free housing anyway.  *Id.*, 391 F.3d at 516.  It is true that the court issued a broad statement that, "once [the plaintiff's] employment was terminated it was not

3

possible for her to suffer adverse employment action", but the court did not suggest it was overruling prior circuit decisions recognizing claims for retaliation arising post-employment.[2] Indeed, the *Glanzman* panel made no mention of the Third Circuit's prior holdings in *Charlton v. Paramus Bd. of Educ.*, 25 F.3d 194, 200 (3d Cir. 1994), *Nelson v. Upsala College*, 51 F.3d 383, 387 (3d Cir. 1995), or *Robinson v. City of Pittsburgh*, 120 F.3d 1286 (3d Cir. 1997), or of the Supreme Court's holding in *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346, 117 S. Ct. 843, 849, 136 L. Ed. 2d 808 (1997) - all of which conclude that the anti-retaliation provisions of Title VII confer former employees with a legal recourse against post-employment retaliation.

Accordingly, it respectfully submitted that the *Glanzman* holding should be interpreted in the following way: the post-termination withdrawal of an employment benefit cannot serve as the ground for a retaliation claim, and an employer's unsuccessful challenge to unemployment benefits cannot serve as the ground for a retaliation claim. Neither of those scenarios is presented here, and this Court can remain faithful to *Glanzman*, the Supreme Court's *Robinson* decision and earlier Third Circuit decisions in denying Defendants' motion to dismiss. Finally, as Plaintiff has pleaded the existence of economic harm as a result of the discrimination and retaliation (*Amd Compl.* at ¶ 59), she fulfills the second requirement elucidated in *Glanzman*.

### C. **Plaintiff Has Named the Culpable Parties.**

Defendants stubbornly insist that Plaintiff's Title VII and PHRA claims must be dismissed

---

[2] The fact that one panel cannot overrule prior precedent makes it more likely that the *Glanzman* panel was not trying to do so. It is well settled in this Circuit that a three-judge panel may not overrule a decision by an earlier panel. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 2005 U.S. App. LEXIS 22446 (3d Cir. Oct. 19, 2005) (citing Third Circuit Internal Operating Procedure 9.1 and *O. Hommel Co. v. Ferro Corp.*, 659 F.2d 340, 354 (3d Cir. 1981)).

because she has not named Defendants' payroll/benefits company as a co-defendant.  Their position is both untenable and disingenuous.  First, it is undisputed that Defendants made the decision to terminate Plaintiff.  *See, e.g., Defs.' Initial Br.* at Ex. 2 (Decl. of Joyce Williamson) ¶ 7 ("[d]ue to the continued downward trend in business and her relatively high salary . . . we had no choice but to terminate her [Plaintiff]."); *Letter from Richard Williamson to BCA dated November 21, 2003* (attached to Pl.'s Initial Br. at Ex. "A") (flatly informing BCA that Plaintiff was terminated and that she should be stricken from the payroll records going forward).  It is also undisputed that Defendants were the sole entities capable of making that decision.  Whether they conferred with BCA, their attorneys  - or with Dr. Phil - prior to making the decision is irrelevant.  It is beyond cavil that, at a minimum, Defendants controlled Plaintiff's access to employment and then foreclosed her employment.  Accordingly, they are the proper defendants.  *Cf. Hudson v. Radnor Valley Country Club*, 1996 U.S. Dist. LEXIS 4559, at *12 (E.D. Pa. 1996).

The disingenuousness of Defendants' ploy to drag BCA into this is obvious.  On one hand Defendants go to great lengths to castigate Plaintiff and her counsel for bringing this claim, for including a Title VII claim when there is a dispute about the 15 employee requirement, and for tendering a settlement demand that urges Defendants to think practically about the costs of defending the case notwithstanding the conceivable jury award.  Defendants advance this unusually truculent strategy and threaten to seek sanctions - despite the fact that Plaintiff has offered a compelling portrait of Defendants' longstanding and explicit hostility to pregnant employees.  Yet on the other hand Defendants simultaneously vilify Plaintiff for not suing BCA when she has no grounds to believe they did anything wrong.  The truth is that BCA has nothing to do with this case and Plaintiff deserves credit for resisting Defendants' provocations to include them as a party.

IV. **CONCLUSION**

For the reasons explained herein, Defendants' motion should be denied in all respects. A proposed order follows.

                              Respectfully submitted,

                              THE WEINSTEIN LAW FIRM

                By:    /s/ Marc E. Weinstein
                         Marc E. Weinstein, Esquire
                         One Northbrook Corporate Center
                         1210 Northbrook Drive, Suite 280
                         Trevose, PA 19053
                         215.953.5200
                         Counsel to Plaintiff

Dated: November 7, 2005

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN J. WALSH** | : | CIVIL ACTION |
| Plaintiff, | : | NO.   05-CV-2515 |
| v. | : | |
| **IRVIN STERN'S COSTUMES** *et al.* | : | Before the Hon. Michael M. Baylson |
| | : | United States District Judge |
| Defendants. | : | |

## **ORDER**

AND NOW, this _____ day of _____, 2005, upon consideration of Defendants' motion to dismiss and/or for summary judgment, their supporting briefs, and Plaintiff's opposition briefs, it is hereby **ORDERED**:

1. Defendants' Motion to Dismiss is **DENIED**.

2. Defendants' Motion for Summary Judgment is **DENIED** without prejudice.

It is hereby further **ORDERED** that Defendants shall file their answer to Plaintiff's amended complaint within twenty (20) days from the date of this Order.

BY THE COURT:

_____

Michael M. Baylson, Judge

**CERTIFICATE OF SERVICE**

I, Marc E. Weinstein, Esquire, hereby certify that on the 7th day of November, 2005, I caused the foregoing Plaintiff's **Surreply Brief in Opposition to Defendants' Motion to Dismiss and/or, For Summary Judgment and Plaintiff's Motion for Permission to File Same** to be filed via ECF and that Brian Kirby, Esquire is a filing user under the ECF system. Upon the electronic filing of a pleading or other document, the ECF system will automatically generate and send a Notice of Electronic Filing to all filing users associated with this case. Electronic service by the Court of the Notice of Electronic Filing constitutes service of the filed document and no additional service upon the filing user is required.

                              By:    /s/ Marc E. Weinstein
                                          Marc E. Weinstein, Esquire
                                          One Northbrook Corporate Center
                                          1210 Northbrook Drive, Suite 280
                                          Trevose, PA 19053
                                          215.953.5200
                                          Counsel to Plaintiff

Dated: November 7, 2005