IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN J. WALSH | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| IRVIN STERN'S COSTUMES, et al | : | NO. 05-2515 |
| | : | |
| | : | |
| Defendants | : | |

MEMORANDUM

**Baylson, J.**                                                                                                                           **February 14, 2006**

## I. Introduction

On January 19, 2006, this Court issued a Memorandum and Order (Doc. No. 18) granting in part and denying in part Defendants' Motion to Dismiss. Walsh v. Irvin Stern's Costumes, 2006 WL 166509 (E.D. Pa. Jan. 19, 2006). Presently before the Court is a Motion for Reconsideration of that decision, filed by Plaintiff Karen Walsh ("Plaintiff" or "Walsh") on January 29, 2006 (Doc. No. 19). On February 7, 2006 (Doc. No. 20), Defendants filed a response brief.

The procedural history of this case, and the factual allegations and legal claims set forth in the complaint are described in detail in the January 19th Order.

## II. Legal Standard

When deciding a motion for reconsideration, a court may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 676 (3d Cir.

1999).

Reconsideration is an extraordinary remedy, made available to correct manifest errors of law or fact, or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Mere dissatisfaction with the Court's ruling is not the basis for such a reconsideration, nor can such a motion be used as a means to put forth additional arguments which could have been made but which the party neglected to make. Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 (M.D. Pa.), aff'd, 31 F.3d 1175 (3d Cir. 1994).

**III.   Discussion**

In its January 19th Order, this Court dismissed Count Three of Plaintiff's Amended Complaint, which had alleged violations under the Equal Rights Amendment to the Pennsylvania Constitution, Art. 1, § 28 ("PERA"). In its accompanying memorandum, however, we noted that "if there is a definitive appellate ruling [conferring a private right of action under PERA] by a Pennsylvania court or by the Third Circuit during the pendency of this litigation, this Court will be open to reinstating Plaintiff's PERA claims." Walsh, 2006 WL 166509 at *8.

In her Motion for Reconsideration, Plaintiff cites to the October, 2005 case Weaver v. Harpster & Shipman Financial Services, 884 A.2d 1073 (Pa. Super. 2005), which Plaintiff argues expressly conferred a private right of action under PERA. (Pl.'s Memo at 2). Defendants counter there is no valid basis for reconsideration because Weaver is readily distinguishable from the circumstances of this case and further does not constitute the "definitive appellate ruling" specified in the January 19th order as grounds for reinstatement of Plaintiff's PERA claim. (Def's Response at 1-2). The Court agrees with Defendants.

The specific question before the Weaver court was whether Pennsylvania recognizes a

common law cause of action for wrongful discharge where an employee is prevented from bringing suit under the Pennsylvania Human Relations Act ("PHRA") because his or her employer does not meet the definitional standard of "employer" under the Act. Weaver, 884 A.2d at 1074. In that case, the Plaintiff filed a claim alleging sexual harassment with the Pennsylvania Human Relations Commission ("PHRC"), which was dismissed because her employer had less than four employees, and thus was not subject to the PHRA. Following the PHRC's rejection of her claim, she commenced a lawsuit in the Court of Common Pleas, alleging sexual harassment, discrimination, harassment and constructive discharge in violation of the PHRA, as well as wrongful discharge, assault and battery, invasion of privacy, and loss of consortium. Id. The employer's preliminary objections were granted and all claims except assault and battery were dismissed. Those two claims proceeded to trial, but resulted in a defense verdict. Id. Plaintiff appealed the ordering dismissing the other counts.

Citing to both the PERA and the PHRA as sources of public policy prohibiting gender discrimination and harassment, the Superior Court vacated the lower court's order dismissing the wrongful discharge claim, remanding it to allow Plaintiff to go forward with that charge. Id. at 1078. However, in carving out this public policy exception to the at-will employment doctrine, the Court explicitly limited its holding to situations where, because his or her employer does not meet the definition of "employer" under the PHRA, the Plaintiff would otherwise be *completely foreclosed* from bringing a sex discrimination case. Id. Specifically, the court stated:

> It is difficult to believe that the Legislature would first define certain acts as illegal via both the Constitution and statute . . . and then remove *all judicial recourse* for the victims of that conduct. We therefore agree with [Plaintiff's] contention that a public policy exception is appropriate for *her* situation.

Id. at 1077 (emphasis added).  It then went on to declare that:

> [W]here an employee is prevented from bringing a sexual discrimination suit under the PHRA only because his or her employer has less than four employees, we find a public policy exception to the at-will employment doctrine.

Id. at 1078.  In so doing, the Superior Court explicitly and clearly emphasized the limited nature of its holding.

First, we agree with Defendants that it is disingenuous for the Plaintiff to imply that the Weaver decision broadly and "expressly" "stated . . . that a private right of action exists under Art. 1, § 28 of the Pennsylvania Constitution" (Pl.'s Memo at 2), when, as discussed above, the Superior Court clearly limited its holding to the specific factual circumstances of the case. Further, as Defendants point out, Weaver is readily distinguishable from the circumstances presented in Walsh's case.  Walsh has judicial recourse under the PHRA, and has also pursued Title VII claims that survived Defendants' Motion to Dismiss.  Thus, Weaver is of no assistance to her, because unlike the plaintiff in that case, Walsh is not foreclosed from pursuing her gender discrimination case against her former employer in court.  Further, as an appeal is currently pending with the Pennsylvania Supreme Court in the Weaver case, docketed as case number 68 MAL 2006, the Superior Court's decision is not the "definitive appellate ruling" that was contemplated in this Court's January 19th order.   In sum, there is no valid basis for reconsideration.

**IV.   Conclusion**

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied.  An appropriate Order follows.

O:\CIVIL\05-2515 Walsh v. Irvin Sterns Custumes\05-2515 Walsh v. Irvin Sterns Costumes, M to Reconsider MTD 2006.02.14.wpd

4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN J. WALSH | : | |
| | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| | : | |
| IRVIN STERN'S COSTUMES, et al | : | NO. 05-2515 |
| | : | |
| | : | |
| Defendants | : | |

**ORDER**

AND NOW this        day of February, 2006 upon consideration of Plaintiff's Motion for Reconsideration (Docket No. 19), and the response thereto, it is ORDERED that the motion is DENIED.

BY THE COURT:

**/s/ Michael M. Baylson**

_____
Michael M. Baylson, U.S.D.J.